ALEXANDER CALLANDRIELLO, RELATOR, v. JEFFERSON MILLER, BUILDING INSPECTOR OF THE TOWNSHIP OF HILLSIDE, RESPONDENTS.

Decided June 6, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Harry E. Young.*

For the respondents, *Whittemore & McLean.*

PER CURIAM.

The relator made an application to the building inspector of the township of Hillside for a permit to erect and construct on certain property which the relator owned in that township, a two-story frame store and apartment building, the ground floor of which was to be used for three stores, and the upper floor to contain apartments, the application being accompanied by plans and specifications for the said building.

The relator's application was refused by the inspector upon the ground that the zoning ordinance prohibits the erection of such a building as was contemplated and shown by the plans and specifications, and thereupon the relator appealed to the board of zoning adjustments of the township of Hillside for a permit to construct the said building, with the result that the board, having heard and considered the application, refused to issue a permit on the sole ground that

the area was zoned against the erection of stores upon the premises.

The stipulation between counsel is further to the effect that the relator did not apply for or obtain a writ of *certiorari* to review the acts or proceedings of the zoning board, because the sole reason given by the building inspector for its refusal to grant a permit for the construction of the proposed building for a dwelling and stores was based upon the assertion that it would be in violation of the provisions of the zoning ordinance, and that was also the sole ground upon which the board of adjustment denied permission to the prosecutor to erect stores upon the premises in question.

We do not think the circumstances of the board of adjustment have simply affirmed the action of the building inspector in refusing a permit to erect the stores, upon no other ground than that the zoning ordinance forbade the erection of stores in the district where the property of the relator was located, furnishes a sufficient legal answer to the relator or for his failure to have the action of the board reviewed by a writ of *certiorari*.

But, even if we ignored the failure of the relator to take the required step to have the action of the board of adjustment set aside in order to give the relator a legal status to apply for a writ of *mandamus,* the facts of this case are analagous to those facts which appeared in the case of Rebecca Koplin *v.* The Village of South Orange et al., decided adversely to the relator at the present term of this court, and which case was before us on a rule to show cause why a *mandamus* should not issue, and the decision in that case being controlling here, leads to the result that the rule to show cause will be discharged, with leave given to the relator to enter a rule allowing and directing the molding of the pleadings for the purpose of a review.